PEOPLE *v.* JONES

1. EVIDENCE—PHOTOGRAPHS—CORROBORATION OF WITNESSES.
   Photographs are admissible in evidence to corroborate the testimony of witnesses.

2. CRIMINAL LAW — INSTRUCTION TO JURY — DISPOSITION OF CODEFENDANTS.
   Court's instructions to the jury which referred to one of the men named on an information as "being disposed of" is not reversible error because the comment did not suggest the manner of the disposition and is as consistent with innocence as it is with guilt.

3. CRIMINAL LAW—ASSISTANCE OF COUNSEL—STATEMENT OF COUNSEL—CODEFENDANTS.
   A defendant in a criminal case was not denied his right to effective counsel when his counsel stated to the jury that two other persons arrested have pled guilty.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 783 *et seq.*
[2] 53 Am Jur, Trial § 554 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 315.

Appeal from Recorder's Court of Detroit, Gerald W. Groat, J. Submitted Division 1 May 14, 1970, at Detroit. (Docket No. 7,799.) Decided June 25, 1970.

Nathaniel Jones was convicted of entering without breaking. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Frederick Benjamin,* for defendant on appeal.

Before: R. B. BURNS, P. J., and LEVIN and CHURCHILL,* JJ.

R. B. BURNS, P. J. Defendant was convicted by a jury and sentenced for entering without breaking, MCLA § 750.111 (Stat Ann 1970 Cum Supp § 28.306).

On appeal, defendant alleges (1) that the trial judge erred by allowing the prosecutor to introduce into evidence certain photographs taken of the defendant shortly after his arrest at the police station; (2) that the trial judge's statement that "one of the defendants was already disposed of" constituted prejudicial error; and (3) that defendant's trial counsel made a serious mistake by stating that two other persons arrested had pleaded guilty to certain charges, thereby denying defendant his right to effective counsel.

(1). The defendant was arrested during the Detroit riots in the afternoon of July 24, 1967. The

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant and six other men were apprehended while a liquor store was being looted. Defendant has consistently denied that he was in the liquor store, and there was a conflict in the testimony of the two police officers as to whether the defendant was apprehended inside the store or on the sidewalk outside the store. The men were arrested and taken to police headquarters. At the police station the defendant and the other men arrested were photographed together with the arresting officer, a procedure used by the police department because of the large number of arrests. During defendant's trial the prosecution introduced this group photograph into evidence to corroborate the testimony of the arresting officer, who had previously identified the defendant. Photographs are admissible to corroborate the testimony of witnesses. *People* v. *Carey* (1901), 125 Mich 535.

(2). The trial court in its instructions referred to one of the men named on the information as "being disposed of." The comment did not suggest the manner of the disposition and the comment is as consistent with innocence as it is with guilt. This court finds no reversible error on this issue.

(3). Defendant's trial counsel stated to the jury that "two other persons arrested have pled guilty." Defendant contends that this remark denied him the right to a fair trial and effective counsel. This remark by itself did not deny defendant his right to effective counsel. *People* v. *Degraffenreid* (1969), 19 Mich App 702.

Affirmed.

All concurred.